**WILMER CUTLER PICKERING
  HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
JESSICA LEWIS (SBN 302467)
Sonal.Mehta@wilmerhale.com
Jessica.Lewis@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

ARI HOLTZBLATT (SBN 354631)
ALLISON SCHULTZ (*pro hac vice*)
NATHANIEL W. REISINGER (*pro hac vice*)
Ari.Holtzblatt@wilmerhale.com
Allison.Schultz@wilmerhale.com
Nathaniel.Reisinger@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6443

*Attorneys for Defendant*
*Meta Platforms, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA,
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSHUA BOUCK, et al., | Case No. 3:25-cv-05194-RS |
| Plaintiffs, | |
| v. | **DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT FOR LACK OF JURISDICTION UNDER FED R. CIV. P. 12(b)(1), 12(h)(3)** |
| META PLATFORMS, INC., | |
| Defendant. | |
| | Judge: Hon. Richard Seeborg |
| | Courtroom 12, 19th Floor |
| | Date: June 11, 2026 |
| | Time: 1:30pm |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT, on June 11, 2026, at 1:30 P.M. in Courtroom 12, this Motion To Dismiss filed by Defendant Meta Platforms, Inc. will be heard. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), Defendant moves to dismiss the Amended Complaint in the above-captioned action. Defendant's Motion to Dismiss is based on this Notice of Motion and the supporting Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Court granted in part and denied in part Meta's Motion to Dismiss the Second Amended Complaint ("SAC") on March 24, 2026. Dkt. 61. That decision reasoned that the SAC plausibly alleges that "some of the illegal content (*i.e.*, the fraudulent statements in the ads) was created by Meta." *Bouck v. Meta Platforms, Inc.*, 2026 WL 810036, at *5 (N.D. Cal. Mar. 24, 2026). Meta respectfully maintains that this reading of the SAC is not supported by its allegations. But under this construction of the SAC—*i.e.*, that Plaintiffs allege Meta itself made or created the misrepresentations that led them to purchase CLEU stock—Plaintiffs' claims are jurisdictionally barred by the Securities Litigation Uniform Standards Act ("SLUSA"). Thus, no matter how Plaintiffs attempt to cast their claims, they are barred at the threshold by federal law.[1]

## ARGUMENT

### I.    SLUSA BARS THIS ACTION

SLUSA prohibits private parties from bringing covered class actions based on state-law claims that allege a defendant made a material representation in connection with the purchase or sale of a nationally listed security. 15 U.S.C. § 78bb(f)(1). The statute "is designed to prevent persons injured by securities transactions from engaging in artful pleading or forum shopping in order to evade limits on securities litigation." *Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d

---

[1] Meta respectfully maintains that this case should have been dismissed entirely on the grounds stated in its prior motion to dismiss. This short motion is limited to the threshold jurisdictional issue triggered by the Court's motion to dismiss ruling as to content creation in this case. *See In re Apple iPhone Antitrust Litig,*, 846 F.3d 313, 319 (9th Cir. 2017) ("A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction … may be made at any time."); *Wood v. San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012) ("[T]he deadline for making a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is prolonged by Rule 12(h)(3)[.]"); *see also* Fed. R. Civ. P. 12(b), (h)(3).

692, 699 (9th Cir. 2021). It "'prevent[s] state class actions alleging fraud "from being used to frustrate the objectives" of the' Private Securities Litigation Reform Act of 1995 [("PSLRA")], which created heightened pleading requirements for securities class actions." *Id.*; *accord Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 86 (2006). With SLUSA, Congress expressed its "preference for 'national standards for securities class action lawsuits involving nationally traded securities.'" *Dabit*, 547 U.S. at 86-87. To that end, "SLUSA is to be given a broad interpretation," and "bars a plaintiff class from bringing (1) a covered class action (2) based on state law claims (3) alleging that the defendants made a misrepresentation or omission or employed any manipulative or deceptive device (4) in connection with the purchase or sale of (5) a covered security." *Anderson*, 990 F.3d at 699. Dismissals under SLUSA are jurisdictional and governed by Rule 12(b)(1). *Id.*

### A.   SLUSA's First, Second, And Fifth Requirements Are Satisfied

Plaintiffs cannot dispute that SLUSA's first, second, and fifth requirements are satisfied. On the first requirement (a "covered class action"), defined as "any single lawsuit" seeking damages "on behalf of more than 50 persons or prospective class members," 15 U.S.C. § 78bb(f)(5)(B)(i)(I), Plaintiffs allege a class of "thousands." SAC ¶ 28(b). The second requirement (state law claims) is also satisfied; Plaintiffs' remaining claims raise exclusively claims under California common law. *Id.* ¶¶ 156-162 (aiding and abetting fraud), 184-190 (negligence), 200-207 (unjust enrichment); *see* Dkt. 64 (dismissing with prejudice Plaintiffs' contract, implied covenant, promissory estoppel, and Unruh Act claims). The fifth requirement (a "covered security") is defined as a security that is "traded nationally and listed on a regulated national exchange." *Lim v. Charles Schwab & Co., Inc.*, 2015 WL 7996475, at *5 n.4 (N.D. Cal. Dec. 7, 2015) (citing 15 U.S.C. § 78bb(f)(5)(E)). At the center of Plaintiffs' allegations is a Chinese penny stock, Chinese Liberal Education Holdings Ltd., or CLEU, which Plaintiffs allege was "listed on NASDAQ." SAC ¶ 12. The Amended Complaint thus leaves no room for dispute that this action satisfies SLUSA's first, second, and fifth requirements.

**B.    Plaintiffs Advance a Theory of Liability that Satisfies SLUSA's Third and Fourth Requirements**

The remaining SLUSA requirements concern whether Plaintiffs' claims allege a misrepresentation and whether that alleged misrepresentation was made "in connection with" the purchase of a covered security. This Court previously determined that Plaintiffs plausibly allege Meta itself created the fraudulent ad content and thus Meta was not entitled to Section 230 protection. The premise of Plaintiffs' theory, then, must be that Meta made the relevant misrepresentations and that those misrepresentations led Plaintiffs to purchase CLEU shares. That theory satisfies SLUSA's remaining elements and deprives this Court of subject-matter jurisdiction.

**Third requirement (misrepresentation).** Plaintiffs' theory must be that Meta contributed to the fraudulent ad content or participated in the deception. Otherwise, Section 230 bars their claims. *See supra* p.1; *Bouck*, 2026 WL 810036, at *5. Indeed, it was because this Court concluded that Plaintiffs alleged Meta "generat[ed] … the images and text in the advertisements," and that "the fraudulent statements in the ads … w[ere] created by Meta," that it held Plaintiffs sufficiently alleged Meta to be "an 'information content provider' of the fraudulent ads." 2026 WL 810036, at *2, *4-5. That understanding of the SAC means SLUSA's misrepresentation requirement is satisfied. Allegations that Meta itself helped create deceptive materials that form the basis of liability would mean that Meta's purported "'deceptive statements or conduct form the gravamen or essence of [Plaintiffs'] claim.'" *Lim*, 2015 WL 7996475, at *5 (quoting *Freeman Investments, L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115 (9th Cir. 2013)). "[C]laims "accusing the defendant of complicity in the false conduct that gives rise to liability *are* subject to SLUSA's prohibition, while claims of false conduct in which the defendant is *not* alleged to have had any complicity are not." *In re Kingate Mgmt. Ltd. Litig.*, 784 F.3d 128, 132 (2d Cir. 2015) (emphasis original).

**Fourth requirement ("in connection with").** Plaintiffs' theory also satisfies SLUSA's requirement that the alleged misrepresentation be made in connection with the purchase or sale of a covered security. This requirement "must be construed broadly." *Northstar Fin. Advisors, Inc. v. Schwab Investments*, 904 F.3d 821, 828 (9th Cir. 2018) (citing *Dabit*, 547 U.S. at 86). A

misrepresentation is made "in connection with" the purchase of a covered securities where it "makes a significant difference to someone's decision to purchase" that security. *Anderson*, 990 F.3d at 702-703 (quoting *Chadbourne & Parke LLP v. Troice*, 571 U.S. 377, 387-388 (2014)). Here, Plaintiffs claim that the "[f]raudulent advertisements on Facebook and Instagram" that Meta allegedly created "were an essential element used to lure Plaintiffs … into purchasing … CLEU shares." SAC ¶ 158; *see also* SAC ¶¶ 20-24 (alleging Plaintiffs' losses from CLEU share purchases stemmed from challenged ads).

The allegations in this case are analogous to *Scala v. Citicorp Inc.*, 2011 WL 900297 (N.D. Cal. Mar. 15, 2011). In *Scala,* the court applied SLUSA's bar to claims against a financial institution accused of aiding and abetting a ponzi scheme executed by one of its clients by falsely representing the scammer's credentials, permitting account access despite known red flags, and failing to monitor the relevant accounts. 2011 WL 900297 at *1-3. Plaintiffs' theory in that case was that the defendant "misled" its customers by lending the scammer an "air of legitimacy," and thus "actively participated in misleading the Plaintiff victims, causing them to turn over funds to" a third-party scammer operating a scheme involving the purchase of covered securities. *Id.* at *6. The court held the alleged wrongdoing was not "'tangential' to" but instead "in connection with" a covered securities purchase because "Plaintiffs' losses resulted directly from what they believed to be legitimate transactions involving covered securities." *Id.* at *6-7.

Plaintiffs here similarly allege that Meta aided and abetted the CLEU scheme by creating fraudulent advertising content that they allege was "an essential element used to lure" them into a relationship with third-party scammers, SAC ¶ 158; allowing the scammers to publish advertisements and communicate on WhatsApp where they "pos[ed] as financial advisor representatives" and "began recommending that WhatsApp group members purchase shares of CLEU" whose value collapsed, *id.* ¶ 84; and failing to ensure compliance with Meta's policies, *e.g., id.* ¶ 113. *See also Bouck*, 2026 WL 810036 at *3-4. And, like the *Scala* plaintiffs, Plaintiffs here claim that their losses "resulted directly" from their purchase of CLEU shares. *See* SAC ¶¶ 17, 20-24, 158. SLUSA's "in connection with" requirement is thus met.

Indeed, Plaintiffs' theory necessarily rests on the premise that Meta's actions made a

significant difference to their decision to purchase CLEU shares as it is the sole source of their claimed injury. Absent that causal link, Plaintiffs could not plausibly allege causation, an essential element of each of their claims. *See, e.g.*, *American Master Lease LLC v. Idanta Partners, Ltd.*, 225 Cal. App. 4th 1451, 1476 (2014) ("[C]ausation is an essential element of an aiding and abetting claim[.]"); *Peredia v. HR Mobile Servs., Inc.*, 25 Cal. App. 5th 680, 687 (2018) (negligence requires "proximate cause"). If, as Plaintiffs claim, their injuries stem from fraudulent ad content created by Meta, then that supposed misrepresentation was made "in connection with" Plaintiffs' purchases of a covered security.

Parallel litigation further confirms that Plaintiffs' suit is fundamentally one sounding in the federal securities laws. These same Plaintiffs, represented by the same counsel, filed suit against the CLEU issuer, its board members, and others in the Southern District of New York, alleging violations of Section 10(b) of the Securities Exchange Act, SEC Rule 10b-5, Section 20(a) of the Exchange Act, and civil RICO claims. *See* Compl., *Shah, et al. v. China Liberal Educ. Holdings Ltd., et al.*, No. 1:26-cv-823-GHW-HJR (S.D.N.Y. Jan. 30, 2026), Dkt. 1. There is also a parallel criminal proceeding against the scammers. *United States v. Cedric et al.*, No. 1:25-cr-00161 (N.D. Ill.). And civil forfeiture proceedings have already led to the recovery of more than $200 million, now available to victims of the CLEU scheme, as Plaintiffs allege they are. *See* Compl., *United States v. Funds in the amount of $19,901,190.42 seized from Company A account number XXXX9087 held in the name of Lim Xiang Jie Cedric, et al.*, No. 1:25-cv-02965 (N.D. Ill.) (Mar. 20, 2025).[2]

Regardless of how Plaintiffs cast their claims, they must be dismissed at the threshold. If, as Meta has always argued, Meta itself did not create the fraudulent ad content, their claims are barred by Section 230. *See* Dkts. 56, 58. If instead, as this Court held, Plaintiffs allege Meta created that content, then that argument would trigger SLUSA's bar against claims alleging material misrepresentations in connection with the purchase of a covered security. And, if Plaintiffs try to

---

[2] *See* Department of Justice, *U.S. Department of Justice Announces Compensation Process for Victims of Chinese Liberal Education Holdings Ltd. (CLEU) Investment Fraud Scheme*, https://www.justice.gov/opa/pr/us-department-justice-announces-compensation-process-victims-chinese-liberal-education (Feb. 3, 2026).

have it both ways by arguing Meta created the fraudulent content but that it was not material to their decision to purchase CLEU shares, that would concede the absence of a causal connection between Meta's conduct and their alleged injuries—and would require dismissal of their claims for failure plausibly to allege all essential elements. Plaintiffs cannot proceed under any theory.

**CONCLUSION**

For the foregoing reasons, the SAC should be dismissed for lack of jurisdiction.

Dated: April 30, 2026

Respectfully submitted,

By:*/s/ Sonal N. Mehta*

**WILMER CUTLER PICKERING HALE AND DORR LLP**
SONAL N. MEHTA (SBN 222086)
Sonal.Mehta@wilmerhale.com
JESSICA LEWIS (SBN 302467)
Jessica.Lewis@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

ARI HOLTZBLATT (SBN 354631)
Ari.Holtzblatt@wilmerhale.com
ALLISON SCHULTZ (*pro hac vice*)
Allison.Schultz@wilmerhale.com
NATHANIEL W. REISINGER (*pro hac vice*)
Nathaniel.Reisinger@wilmerhale.com
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 663-6443

*Attorneys for Defendant Meta Platforms, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of April, 2026, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System.

*/s/ Sonal N. Mehta*

Sonal N. Mehta